UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL BAKER, *o/b/o Shannon Constance Baker*,

                              Plaintiff,        **1:15-cv-00943-MAT**

                                                        **DECISION AND ORDER**

              -vs-

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

                              Defendant.

---

## I. INTRODUCTION

Represented by counsel, Michael Baker ("Plaintiff") has brought this action on behalf of his deceased mother, Shannon Constance Baker ("Claimant"), pursuant to Title XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security[1] ("Defendant" or "the Commissioner") denying Claimant's application for supplemental security income ("SSI"). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff's motion is denied and Defendant's motion is granted.

---

[1] Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security on January 23, 2017. The Clerk of the Court is instructed to amend the caption of this case pursuant to Federal Rule of Civil Procedure 25(d) to reflect the substitution of Acting Commissioner Berryhill as the defendant in this matter.

## II. PROCEDURAL BACKGROUND

On August 29, 2012, Claimant protectively filed an application for SSI, alleging disability beginning December 10, 1998 due to depression, anxiety, arthritis with spinal stenosis, bulging discs, herniated discs, fibromyalgia, and carpal tunnel syndrome. Administrative Transcript ("T.") 88, 154-59, 170. Claimant's application was initially denied and she timely requested a hearing, which was held before administrative law judge ("ALJ") Donald T. McDougall on March 10, 2014. T. 26-53, 99-100. On May 22, 2014, the ALJ issued an unfavorable decision. T. 13-22. Claimant timely requested review by the Appeals Council. T. 7-9. Claimant passed away on December 20, 2014, prior to any decision by the Appeals Council. Docket No. 1 at ¶ 5. Claimant's request for review was denied by the Appeals Council on September 2, 2015, making the ALJ's decision the final decision of the Commissioner. T. 1-5. Plaintiff then timely commenced this action on behalf of Claimant.

## III. THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation promulgated by the Commissioner for adjudicating disability claims. *See* 20 C.F.R. § 404.1520(a). At step one, the ALJ found that Claimant had not engaged in substantial gainful activity from August 29, 2012, the application date. T. 15.

At step two, the ALJ determined that Claimant had the severe impairments of adjustment disorder with mixed anxiety and depressed

mood, status post-lumbar discectomy and fusion, fibromyalgia, carpal tunnel syndrome, and asthma.  *Id*.  At step three, the ALJ considered Claimant's impairments and found that, singly or in combination, they did not meet or medically equal the severity of a listed impairment.  *Id*.  In particular, the ALJ considered sections 1.00 (musculoskeletal system), 3.00 (respiratory system), 11.00 (neurological), and Listings 12.04, 12.06, and 12.09 in reaching this determination.  T. 15-16.

Prior to proceeding to step four, the ALJ determined that Claimant had the residual functional capacity ("RFC") to perform "a wide range of light work," with the following additional limitations: can lift, carry, push, and pull up to 10 pounds frequently and up to 20 pounds occasionally; can sit for up to six hours in an eight-hour workday; can stand or walk for up to six hours in an eight-hour workday; must be allowed to change positions every half-hour from sitting to standing or vice-versa; must be able to use a cane for any walking required; can have no exposure to extremes of fumes, dusts, gases, or other respiratory irritants; can perform no overhead lifting; can perform no work around heights or dangerous moving machinery; cannot kneel, crouch, or crawl; can climb stairs and ramps and occasionally stoop; can perform no fast-paced or assembly line work; can have no more than occasional contact with the general public; can have no more than frequent contact with supervisors or coworkers.  T. 17.

At step four, the ALJ determined that Claimant had no past relevant work. T. 21. At step five, the ALJ relied on a vocational expert's testimony to find that there are other jobs that exist in significant numbers in the national economy that Claimant could perform, including mail clerk and office helper. T. 21-22. The ALJ accordingly found that Plaintiff was not disabled as defined in the Act. T. 22.

**IV. DISCUSSION**

   **A. Scope of Review**

When considering a claimant's challenge to the decision of the Commissioner denying benefits under the Act, a district court must accept the Commissioner's findings of fact, provided that such findings are supported by "substantial evidence" in the record. *See* 42 U.S.C. § 405(g) (the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive"). Although the reviewing court must scrutinize the whole record and examine evidence that supports or detracts from both sides, *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted), "[i]f there is substantial evidence to support the [Commissioner's] determination, it must be upheld." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003).

In this case, Plaintiff contends that the ALJ's RFC finding was not supported by substantial evidence, because (1) the ALJ failed to rely on a medical opinion in making the determination that Claimant required a sit/stand option, (2) the ALJ relied on his own lay opinion to determine that Claimant could perform light work, (3) the ALJ relied on his own lay opinion to determine that Claimant could tolerate frequent interaction with co-workers and supervisors, and (3) the ALJ found Claimant not wholly credible for "improper and factually inaccurate reasons" (Docket No. 11-1 at 24). For the reasons set forth below, the Court finds these arguments without merit.

**B.  Inclusion of Sit/Stand Option**

Plaintiff's first argument is that the ALJ's finding that Claimant required a sit/stand option every 30 minutes was not supported by the medical evidence of record. In particular, Plaintiff points to the fact that no medical source opined that Claimant required such an option. This argument is misplaced.

An ALJ assessing a disability claim is required to "weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013). The ALJ's RFC finding need not "not perfectly correspond with any of the opinions of medical sources." *Id.*; *see also Rosa v. Callahan*, 168 F.3d 72, 29 (2d Cir. 1999) ("the ALJ's RFC finding need not track any one medical opinion");

*Breinin v. Colvin*, No. 514CV01166LEKTWD, 2015 WL 7749318, at *3 (N.D.N.Y. Oct. 15, 2015), *report and recommendation adopted*, 2015 WL 7738047 (N.D.N.Y. Dec. 1, 2015) ("It is the ALJ's job to determine a claimant's RFC, and not to simply agree with a physician's opinion."). Where an ALJ makes an RFC assessment that is *more* restrictive than the medical opinions of record, it is generally not a basis for remand. *See Castle v. Colvin*, No. 1:15-CV-00113(MAT), 2017 WL 3939362, at *3 (W.D.N.Y. Sept. 8, 2017) ("the fact that the ALJ's RFC assessment did not perfectly match Dr. Balderman's opinion, and was in fact more restrictive than that opinion, is not grounds for remand"); *Savage v. Comm'r of Soc. Sec.*, No. 2:13-CV-85, 2014 WL 690250, at *7 (D. Vt. Feb. 24, 2014) (finding no harm to claimant where ALJ adopted an RFC determination that was more restrictive than medical source's opinion).

In this case, the sole medical opinion of record regarding Claimant's physical capabilities was the opinion of consultative examining physician Dr. Hongbiao Liu. T. 273-277. Dr. Liu opined, in relevant part, that Claimant had a "mild to moderate limitation for prolonged walking, bending, kneeling, and overhead reaching." T. 276. Notably, Dr. Liu did not opine that Claimant had any restrictions in her ability to sit or stand. As the ALJ discussed in detail in his decision, Dr. Liu's assessment was consistent with the medical evidence of record, which showed largely normal physical examinations both before and after Claimant's minimally

invasive back surgery.  *See* T. 18-19 (referencing T. 260-61, 263-64).  However, Claimant testified at the hearing that she could not sit or stand for "long periods of time" and specifically that she could sit for half an hour before she would have to get up and move around.  T. 35.

In essence, then, Plaintiff faults the ALJ for having accepted Claimant's testimony that she was required to change positions after half an hour of sitting because no medical source opined that she required a sit/stand option.  The Court does not find that this constitutes reversible error.  A claimant's testimony is acceptable evidence to support the inclusion of a sit/stand option in an RFC determination.  *See Crosby v. Berryhill,* 2017 WL 3065271, at *3 (W.D.N.Y. July 18, 2017) (plaintiff's testimony that he could maintain the same position for up to 30 minutes supported ALJ's finding regarding sit/stand option); *Hammond v. Colvin*, 2013 WL 4542701, at *6 (N.D.N.Y. Aug. 26, 2013) (plaintiff's testimony regarding her daily activities supported ALJ's conclusion that she could sit for 45 minutes before changing position).

This Court's decision in *Crosby* rejected an argument similar to the one made in this case.  There, the ALJ had found that the plaintiff was capable of "sitting for four hours, standing for four hours, and walking for four hours so long as he had the ability to change positions every 45 minutes without leaving his workstation."  *Id*, 2017 WL 3065271 at *3.  The plaintiff argued that this finding was unsupported by the medical evidence, because it did not

correspond with any medical source opinion. *Id*. The Court found that "although no medical source opined precisely that plaintiff needed to change positions every 45 minutes, the ALJ's RFC finding [was] supported by substantial evidence," in large part because the consultative examiner "opined that plaintiff had only a 'moderate limitation' in walking and standing and found no limitations in sitting." *Id*.

Here, as in *Crosby*, the ALJ's inclusion of a sit/stand option in the RFC finding was supported by the opinion of the consultative examiner and by Claimant's own testimony. Accordingly, the Court rejects Plaintiff's argument that this aspect of the RFC was not supported by substantial evidence.

### C. Capacity to Perform Light Work

Plaintiff next argues that the ALJ's finding that Claimant was capable of performing light work was based on his lay opinion. In particular, Plaintiff contends that Dr. Liu's opinion was impermissibly vague with respect to Claimant's physical limitations and that it therefore cannot constitute substantial evidence in support of the ALJ's RFC determination. This argument lacks merit.

As discussed above, Dr. Liu examined Claimant and opined that Claimant had a mild to moderate limitation in her ability to engage in prolonged walking. Plaintiff argues that this opinion was too vague to support the ALJ's conclusion that Claimant was capable of walking for up to six hours, with a sit/stand option every 30 minutes. However, courts in this Circuit "have upheld an ALJ's

-8-

decision that the claimant could perform light or sedentary work even when there is evidence that the claimant had moderate difficulties in prolonged sitting or standing." *Carroll v. Colvin*, No. 13-CV-456S, 2014 WL 2945797, at *4 (W.D.N.Y. June 30, 2014).

To the extent that Plaintiff is arguing that Dr. Liu's use of the terms "mild" and "moderate" was impermissibly vague, this Court had previously explained that it is not the case that "a medical source opinion which uses terms like 'mild' or 'moderate' is always too vague to constitute substantial evidence." *O'Bara v. Colvin*, 2017 WL 2618096, at *2 (W.D.N.Y. June 16, 2017) (internal quotation omitted). To the contrary, a medical source statement that uses terms like "mild" and "moderate" may constitute substantial evidence "if the examiner conducts a thorough examination and explains the basis for the opinion." *Richardson v. Colvin*, 2016 WL 3179902, at *7 (W.D.N.Y. June 8, 2016).

In this case, the Court concludes that "Dr. Liu's medical source statement was not so vague that it could not serve as an adequate basis for determining [Claimant's RFC]." *Boltz v. Berryhill*, 2017 WL 999204, at *5 (W.D.N.Y. Mar. 15, 2017). Dr. Liu performed a thorough examination of Claimant, with only modest abnormalities noted, and his conclusions were consistent with the medical evidence of record, including the physical examinations performed by Claimant's treating physicians both before and after her surgery. Moreover, the ALJ's RFC finding that Claimant was capable of performing light work with additional non-exertional

limitationsm including a sit/stand option, is fully consistent with Dr. Liu's examination results and medical source opinion. It is well-established that the opinion of a consultative examiner may serve as substantial evidence in support of an ALJ decision. *See, e.g., Petrie v. Astrue*, 412 F. App'x 401, 405 (2d Cir. 2011). As such, the Court finds that remand is not warranted on this basis.

**D.   Mental RFC Finding**

Plaintiff's next argument is that the ALJ's determination that Claimant could tolerate frequent interaction with co-workers and supervisors was arbitrary and unsupported by substantial evidence. Plaintiff notes that the ALJ determined that Claimant could have only occasional interaction with the general public, and contends that the ALJ's distinction between these various groups was based only on his lay opinion. Again, the Court finds that this argument lacks merit.

Consultative psychologist Dr. Renee Baskin examined Claimant on December 4, 2012. T. 278-82. Dr. Baskin observed that Claimant was pleasant, polite, and easily engaged. T. 280. Dr. Baskin opined in relevant part that Claimant would have mild to no limitation in relating adequately with others. T. 281. State agency reviewing physician Dr. J. Echevarria similarly opined that Claimant had only mild impairments in social functioning. T. 97. However, a review of Claimant's mental health records shows that she reported having difficulty in social settings and around large

numbers of people.  *See* T. 329 (Claimant reported having a panic attack at a store due to "all the people").

Similarly to the ALJ's inclusion of a sit/stand option in the RFC determination, the ALJ's finding that Plaintiff could have only occasional contact with the general public is *more* restrictive than the limitations set forth in the medical source opinions of record. Dr. Baskin's and Dr. Echevarria's opinions both support the conclusion that Claimant was generally capable of appropriate interaction with others.  However, the ALJ restricted Claimant to only occasional interaction with the public, thereby accounting for her self-reported difficulties with large numbers of people.  As discussed in detail above, remand is generally not warranted where the ALJ's RFC finding is more restrictive than the limitations set forth in the medical opinions of record, inasmuch as any alleged error in this regard inures to the claimant's benefit.  In short, an ALJ's decision to extend the benefit of the doubt to a claimant and to include additional limitations in an RFC to account for self-reported symptoms is not generally a reversible error, and the Court finds that it does not warrant remand in this case.

To the extent Plaintiff argues that Dr. Baskin's finding that Claimant had moderate limitations in dealing with stress is inconsistent with the ALJ's RFC determination, this argument lacks merit.  Nothing in Dr. Baskin's opinion suggests that Claimant's stress-related limitations arise from any difficulty in interacting with others.  To the contrary, and as discussed above, Dr. Baskin

-11-

expressly opined that Claimant had mild to no limitation in adequately relating to others. Moreover, the ALJ's RFC assessment incorporated Dr. Baskin's opinion that Claimant had moderate limitations in dealing with stress by finding that Claimant could not engage in fast-paced or assembly line work. T. 17. The Court therefore finds that the ALJ's finding with respect to Claimant's mental RFC was supported by substantial evidence.

### E. Credibility Assessment

Plaintiff's final argument is that the ALJ erred in assessing Claimant's credibility. Plaintiff claims that the ALJ's stated reasons for finding Claimant less than wholly credible were "improper and factually inaccurate." Docket No. 11-1 at 24. The Court disagrees.

"Because the ALJ has the benefit of directly observing a claimant's demeanor and other indicia of credibility, his decision to discredit subjective testimony is entitled to deference and may not be disturbed on review if his disability determination is supported by substantial evidence." *Hargrave v. Colvin*, 2014 WL 3572427, at *5 (W.D.N.Y. July 21, 2014) (internal quotation omitted). In this case, the ALJ found that Claimant was less than wholly credible because (1) her care and treatment had been relatively conservative and her symptoms were well-managed by her medication, (2) no opinion evidence of record supported the conclusion that Claimant was disabled, (3) Claimant's work history was poor, and (4) Claimant's behavior at the hearing was

inconsistent with her allegation of totally debilitating symptoms. T. 20-21. The ALJ also noted that Claimant had ceased taking her depression and anxiety medications against medical advice and had frequently cancelled or no-showed for her mental health counseling appointments. T. 19. Contrary to Plaintiff's arguments, the ALJ's conclusions about Claimant's credibility were proper and adequately supported by the record.

First, with respect to Claimant's care, as the ALJ noted, although Claimant did undergo back surgery, the surgery was minimally invasive, and her physical examinations were normal both before and after the surgery. Claimant also reported to Dr. P. Jeffrey Lewis, her neurosurgeon, that the pain medication she was taking was "work[ing] for her." T. 256. Moreover, Claimant did not follow up with a pain management specialist, against medical advice, which supports the ALJ's conclusion that her pain was adequately managed by her medication. *See* T. 260. As such, Plaintiff's contention that the ALJ "mischaracterized" the nature of Claimant's treatment (*see* Docket No. 11-1 at 26) is without merit.

Turning to the ALJ's discussion of the opinion record of evidence, Plaintiff makes much of the fact that the ALJ noted that no treating physician had opined that Claimant was disabled, arguing that the ALJ was required to obtain a treating source statement and that his failure to do so constituted legal error. Plaintiff is incorrect that the ALJ was required to obtain a

treating source statement. "[W]here there are no obvious gaps in the administrative record, and where the ALJ already possesses a complete medical history, the ALJ is under no obligation to seek additional information in advance of rejecting a benefits claim." *Rosa v. Callahan,* 168 F.3d 72, 79 n. 5 (2d Cir. 1999) (internal quotation marks omitted). With respect to an ALJ's obligation to recontact a treating physician and request a specific RFC assessment, "there is no duty to re-contact a treating physician to obtain a function-by-function analysis of [p]laintiff's impairments where consultative physicians assess a plaintiff's functional limitations and provide an opinion on them." *Sink v. Colvin*, No. 1:12-CV-00239 JJM, 2015 WL 3604655, at *17 (W.D.N.Y. June 8, 2015) (internal quotation omitted). "Additionally, even where a treating physician does not provide a specific function-by-function assessment, where the record is extensive enough to support an informed residual functional capacity finding by the ALJ, remand is not appropriate." *Id*. (internal quotation omitted). Here, the ALJ had Claimant's complete medical record, and Dr. Liu had examined Claimant and opined on her functional limitations. As discussed above, the record evidence was sufficient to permit the ALJ to make an informed RFC finding. As such, the ALJ did not err in failing to request an RFC assessment from a treating physician.

Moreover, it was not improper for the ALJ to note that Claimant's allegations were inconsistent with the medical evidence of record, including the opinions of the consultative examiners.

-14-

In assessing a claimant's credibility, an ALJ is instructed to consider whether his subjective claims of pain are "consistent with the medical and other objective evidence," *Wells v. Colvin*, 87 F. Supp. 3d 421, 431 (W.D.N.Y. 2015). The ALJ did so in this case, noting that no physician had opined that Claimant's symptoms were totally debilitating, as she claimed.

The ALJ also did not err in noting that Claimant had a poor work history. *See Schaal v. Apfel*, 134 F.3d 496, 502 (2d Cir. 1998) ("There is no suggestion in SSA regulations that an ALJ may only consider favorable work history in weighing the credibility of claimant testimony. Just as a good work history may be deemed probative of credibility, poor work history may prove probative as well."). Here, the record showed that Claimant had not worked for 15 years prior to her application. When the ALJ questioned Claimant, she claimed that she had been unable to work since 1998 due to carpal tunnel syndrome. T. 31. However, and as the ALJ noted, the medical evidence of record did not show any significant treatment for carpal tunnel syndrome. Additionally, Dr. Liu noted that Claimant had a full range of motion in her forearms and wrists bilaterally, that her hand and finger dexterity were intact, and that she had 5/5 grip strength bilaterally. T. 275-76. Under these circumstances, the Court finds that the ALJ's conclusion that Claimant's poor work history detracted from her credibility was reasonable. *See Woodside v. Comm'r of Soc. Sec.*, 2016 WL 796075, at *6 (N.D.N.Y. Feb. 23, 2016) (it was reasonable for ALJ to find

that plaintiff's poor work history detracted from his credibility where his explanation for his prior failure to work was inconsistent with the record).

With respect to the ALJ's discussion of his personal observations of Claimant, while it is true that use of a so-called "sit and squirm" test by an ALJ is disfavored, courts in this Circuit "have allowed ALJs to give 'limited weight' to a claimant's behavior at the administrative hearing." *Bradley v. Berryhill*, 2017 WL 3314000, at *7 (D. Conn. Aug. 3, 2017); *see also Nix v. Colvin*, No. 15-CV-0328-FPG, 2016 WL 3681463, at *7 (W.D.N.Y. July 6, 2016) ("Although the Second Circuit has held that there is no *per se* legal error where the ALJ considers physical demeanor as one of several factors in evaluating credibility such observations should be assigned only limited weight.") (internal quotations omitted). Here, the ALJ expressly stated that he had given his own observations only "slight weight," acknowledging that "the hearing was short-lived and cannot be considered a conclusive indicator of the claimant's overall level of functioning on a day-to-day basis." T. 21. The ALJ was permitted to observe that Claimant's allegations that she was totally debilitated by her symptoms was inconsistent with her behavior at the administrative hearing. The Court finds no error in his consideration of his own observations.

Finally, the Court notes that it was appropriate for the ALJ to observe that Claimant had not complied with recommended treatment. An ALJ is "permitted to consider plaintiff's

noncompliance with treatment as a factor weighing against [her] credibility." *Lasalle v. Colvin*, No. 14-CV-872-JTC, 2016 WL 420589, at *6 (W.D.N.Y. Feb. 4, 2016); *see also* 20 C.F.R. § 416.930(b) ("[i]f you do not follow the prescribed treatment without a good reason, we will not find you disabled"). Here, Claimant failed to take prescribed medication, failed to attend scheduled appointments, and failed to follow up with a pain management specialist. The ALJ appropriately considered these facts in assessing Claimant's credibility.

For the foregoing reasons, the Court concludes that the ALJ's credibility finding was appropriate and based on substantial evidence. As such, the Court further finds that remand is not warranted.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Docket No. 11) is denied and the Commissioner's motion for judgment on the pleadings (Docket No. 14) is granted. Plaintiff's complaint is dismissed in its entirety with prejudice. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED**.

**S/Michael A. Telesca**
_____

HON. MICHAEL A. TELESCA
United States District Judge

Dated: March 6, 2018
Rochester, New York